IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

927 COLE STREET, GOLDEN, COLORADO, and

2008 TOYOTA HIGHLANDER VIN # JTEES42A182076495;

        Defendants.

---

**APPLICATION FOR WRIT OF ENTRY**

---

On August 11, 2011, the United States filed a Verified Complaint for Forfeiture *In Rem* for forfeiture of the defendant property, including:

    a.    927 Cole Street, Golden, Colorado, which is described as a tract of land situated in Parcel B, Exemption Survey Section 6, Township 4 South, Range 69 West, E18-3-93 according to the Exemption Survey Recorded June 4, 1993 at Reception No. 93079644 in Book 113 at Page 26, County of Jefferson, State of Colorado.

Based upon the Complaint, the United States respectfully moves this Court for a finding of probable cause and a Writ of Entry for the defendant real property.

The United States does not request authority from the Court to seize the defendant real property at this time. The United States will, as provided by 18 U.S.C. §§ 985(b)(1) and (c)(1),

1

and Supplemental Rule for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions G(4):

1. Post notice of the Complaint in a conspicuous place on defendant real property;

2. Serve notice of this action on the owner(s) of the defendant real property along with a copy of the Verified Complaint;

3. Execute a Writ of Entry for the purpose of conducting an inspection and inventory of the property; and

4. Record a *notice of lis pendens* in the county records; and

5. The United States will also, as provided in 19 U.S.C. § 1606, appraise the defendant real property.

Title 18, United States Code, Section 985(c)(3) provides that, because the United States will post notice of the Complaint on the defendant real property, it is not necessary for the Court to issue a Warrant for Arrest of Property *In Rem*, or to take any other action to establish *in rem* jurisdiction over the defendant real property. Title 18, United States Code, Section 985(b)(2) clearly states that "the filing of a *lis pendens* and the execution of a writ of entry for the purpose of conducting an inspection and inventory of the property shall not be considered a seizure under this subsection."

Therefore, the United States requests under 18 U.S.C. § 983(j), and under 18 U.S.C. § 985(b)(2) and Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(4), that the Court issue the proposed Writ of Entry filed herewith authorizing the Internal Revenue Service or its designee, to enter the defendant real property, including any structures, on one or more occasions during the pendency of this civil *in rem* forfeiture action:

1.	for the purpose of conducting an inspection, inventory, and appraisal of the defendant real property, which inspection, inventory, and appraisal may include still and video photography; and

2.	to be accompanied on any such occasion by any appraiser(s) selected by it to appraise the condition and value of the defendant real property pursuant to 19 U.S.C. § 1606; and

3.	to be accompanied on any such occasion by any government or contract personnel selected by it for the purpose of conducting an inventory of the defendant real property; and

4.	to be accompanied on any such occasion by an federal, state, and local law enforcement officers selected by it to ensure the safety of any person acting under the Writ of Entry.

DATED this 11th day of August, 2011.

        Respectfully submitted,

        ERIC HOLDER
        Attorney General of the United States

        BARRY R. GRISSOM
        United States Attorney

        /s/Richard L. Hathaway
        RICHARD L. HATHAWAY #07767
        Special Attorney
        444 S.E. Quincy, Suite 290
        Topeka, KS 66683-3592
        Tel: 785-295-2850
        Fax: 785-295-2853
        rich.hathaway@usdoj.gov

        /s/Christine E. Kenney
        CHRISTINE E. KENNEY #13542
        Special Attorney
        christine.kenney@usdoj.gov