IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-02106-PAB-CBS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DEFENDANT NO 1: ONE PARCEL PROPERTY LOCATED AT
927 COLE STREET, GOLDEN, COLORADO, WITH ALL
APPURTENANCES, IMPROVEMENTS AND ATTACHMENTS
THEREON;

DEFENDANT NO 2: ONE 2008 TOYOTA HIGHLANDER,
VIN # JTEES42A182076495;

        Defendants.

## MOTION FOR ORDER FOR SEIZURE AND INTERLOCUTORY SALE
## OF REAL PROPERTY - EXIGENT CIRCUMSTANCES

The United States of America, by and through Attorney General of the United States Eric Holder, Barry R. Grissom, United States Attorney for the District of Kansas, through Special Attorneys, Richard L. Hathaway and Christine E. Kenney, respectfully requests this Court to find exigent circumstances and to enter an order pursuant to 18 U.S.C. § 985 (d)(1)(B)(ii) and the Supreme Court's decision in United States v. James Daniel Good Real Property, 510 U.S. 43, 114 S.Ct. 492 (1993), authorizing the seizure of Defendant No. 1, One Parcel Property Located At 927 Cole Street, Golden, Colorado, with all personal property located within, and all appurtenances, improvements, attachments and accessories attached thereto, and more fully described in the United States Verified Complaint for Forfeiture *In Rem.* (Doc. 1.) The United

1

States further requests this Court to order the interlocutory sale of Defendant No. 1.  As grounds therefor, the United States states that:

1. This is a civil forfeiture case, seeking forfeiture under 18 U.S.C. § 981 of Defendant No. 1 as involved in and as proceeds of numerous violations of federal Mail Fraud, Wire Fraud, Interstate Transportation of Stolen Property, and Money Laundering statutes.

2. 18 U.S.C. § 985 (d)(1)(B)(ii) and (d)(2) allow the Court to enter an order to seize real property without prior notice and an opportunity for the property owner to be heard if there are exigent circumstances such that less restrictive measures, such as a lis pendens, restraining order, or bond would not protect the United States' interests in preventing the destruction of the property.

3. Similarly, in Good, supra, the Court held that in exigent circumstances, the Due Process Clause of the Fifth Amendment allows the United States in a civil forfeiture case such as this to arrest and seize real property without first affording the owner notice and an opportunity to be heard.  To demonstrate such exigent circumstances, the United States must show that less restrictive measures are insufficient to prevent the sale, destruction, or continued unlawful use of the real property.  Good, supra 510 U.S. at 62.  See also:, United States v. All Right, Title, and Interest in Real Property . . . . . The Kenmore Hotel, 888 F. Supp. 580 (S.D.N.Y. 1995) (judge entered *ex parte* order seizing real property finding exigent circumstances where drug activity was rampant.)

4. Such exigent circumstances exist in this case as set forth below.

   a. On or about November 20, 2010, the titled owner of Defendant No. 1, Marie Dalton, left the United States for South Africa subsequent to being served with documents in a civil proceeding that involved the purchase of Defendant No. 1 with proceeds from a

2

fraudulent investment scheme.  Prior to leaving the country, Dalton left $3000 in cash with her daughter to pay the utilities on Defendant No. 1.  The daughter moved out of Defendant No. 1 in April 2011, and terminated all utility services, except the water which was to be terminated on September 9, 2011.

      b.    On September 30, 2011, Dalton was expelled from South Africa.  Upon arrival in Atlanta, Georgia, Dalton and her husband, Richard Dalton, were arrested in case no. 11-00430-CMA.[1]  Both have been in pre-trial detention since.  As a result, Defendant No. 1 remains unoccupied.

      c.    On December 21, 2011, Ted Lair, a Special Agent for the United States Treasury Department, Internal Revenue Service, Criminal Investigation, Denver Field Office, drove by Defendant No. 1 and noted the following conditions with regards to the properties.  Agent Lair checked the outside of the property to determine whether there has been any vandalism and noted there was none.  However, the door leading into the garage was unsecured.  Agent Lair entered the garage and noted that the door leading into the kitchen also was unsecured.  According to Agent Lair, the house appeared to be abandoned.  There was a note on the door from a cable service company from approximately 30 days earlier, attempting to retrieve some equipment.  Agent Lair talked with a neighbor who had not seen anyone present on the property for some time.  Agent Lair noted that the power was on, and the heat was turned low.  However, Agent Lair was advised that the utility bill for Defendant No. 1 is 60 days past due, and the power is scheduled to be disconnected, which will occur at any time now.  Finally, according to the Jefferson County Colorado Treasurers Office, the 2010 property taxes are unpaid, and

---

[1]     The Indictment includes notice of the United States's intention to seek criminal forfeiture of Defendant No. 1.

there is now a tax lien against Defendant No. 1 in the amount of $6,407.36.

     5.     Thus, according to the observations of Special Agent Lair, Defendant No. 1 is uninhabited, and will remain uninhabited during the Winter.

     6.     In addition, with the amount of snowfall and winter conditions in the area, along with the fact that the utility company will soon terminate the heating service, Defendant No. 1 is subject to broken pipes, with a threat of extreme water damage to the structures and to the personal property if pipes were to break, or if the water in the toilets should freeze.

     7.     A restraining order under 18 U.S.C. § 981(2) would be insufficient because Defendant No. 1 has been abandoned, the titled owner is not taking steps necessary to preserve the property, and thus Defendant No. 1 is subjected to waste and deterioration.

     8.     The United States seeks an order for interlocutory sale so that Defendant No. 1 can be sold as soon as possible in order to preserve its value and prevent deterioration pending resolution of this case.

     9.     Dalton has been served with the Verified Complaint.  To date, no entity has filed a response, although Dalton has filed a verified claim September 21, 2011.  (Doc. 16.)  An answer was due 20 days after filing the claim.

     10.     All net proceeds (after deduction for the costs of sale and any unpaid real estate taxes) derived from the sale of these properties, will be held by the IRS pending the resolution of this case.   Thus, the interest of any future petitioners will not be impaired by an interlocutory sale of the properties.  Accordingly, in order to protect the value and equity of Defendant No. 1 during the pendency of this case, and to prevent further interest and taxes from accruing against the properties, the United States seeks an order from the Court allowing an interlocutory sale of Defendant No. 1 which the sale proceeds will first be applied to the costs of sale and any unpaid

real property taxes, with the remainder escrowed with the United States Treasury Department pending further order from the Court.

11.     Attorneys representing Dalton, and her husband Richard Dalton, in case no. 11-00430-CMA have been notified of the United States's intent to seek this relief.  The attorney for Dalton stated that he did not represent her in this matter and therefore could not advise of Dalton's position on this matter.  The attorney for Richard Dalton reported that he would waive any rights he may have in Defendant No. 1.

WHEREFORE, as the Verified Complaint amply establishes that Defendant No. 1 is forfeitable, and as the observations of Special Agent Lair and the evidence of flight and abandonment of the property establish exigent circumstances, the United States submits that exigent circumstances exist pursuant to 18 U.S.C. § 985 and  <u>United States v. James Daniel Good</u>, and moves that the Court order Defendant No. 1 be seized and arrested, and that the Court enter an order allowing for the interlocutory sale of Defendant No. 1 and this action continue against the proceeds as if the proceeds were the real property.

DATED: December 27, 2011.

Respectfully submitted,

ERIC H. HOLDER, JR.
ATTORNEY GENERAL OF THE UNITED STATES
     &
BARRY R. GRISSOM, # 10866
UNITED STATES ATTORNEY
DISTRICT OF KANSAS
barry.grissom@usdoj.gov

by:

5

                    s/Richard L. Hathaway
                    rich.hathaway@usdoj.gov

                                    **&**

                    s/Christine E. Kenney
                    christine.kenney@usdoj.gov
                    Special Attorneys
                    444 SE QUINCY, SUITE 290
                    TOPEKA, KS 66683
                    Phone: (785) 295-2850
                    Fax: (785) 295-2853

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 27, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to any counsel of record, and true copies were mailed via certified mail, return receipt requested to the individuals at the addresses listed below, and thereafter I will cause a copy of the same to be personally served upon Marie Dalton and Richard Dalton:

| | |
|---|---|
| Marie Dalton #11-5145<br>Douglas County Jail<br>4000 Justice Way<br>Castle Rock, CO 80109 | Cert # 7009 1680 0000 4542 2031 |
| Richard Dalton<br>FCI Englewood<br>Federal Correctional Institution<br>9595 West Quincy Avenue<br>Littleton, CO  80123 | Cert # 7009 1680 0000 4542 2048 |

                    s/Christine E. Kenney
                    christine.kenney@usdoj.gov
                    Special Attorneys
                    444 SE QUINCY, SUITE 290
                    TOPEKA, KS 66683
                    Phone: (785) 295-2850
                    Fax: (785) 295-2853