IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02106-PAB-CBS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEFENDANT NO 1: ONE PARCEL PROPERTY LOCATED AT
927 COLE STREET, GOLDEN, COLORADO, WITH ALL
APPURTENANCES, IMPROVEMENTS AND ATTACHMENTS
THEREON;

DEFENDANT NO 2: ONE 2008 TOYOTA HIGHLANDER,
VIN # JTEES42A182076495;

    Defendants.

---

**ORDER AUTHORIZING INTERLOCUTORY SALE
OF DEFENDANT NO. 1**

---

~~WHEREAS, the United States has filed a motion which seeks an interlocutory sale of Defendant No. 1; and,~~

WHEREAS, counsel for Marie Dalton, who is the owner of record of Defendant No. 1, has advised the Court that Marie Dalton does not object to the interlocutory sale of Defendant No. 1; and,

WHEREAS, Richard Dalton, the spouse of Marie Dalton, has signed a Consent To Forfeiture (Doc. 39), consenting to the forfeiture of his interest in the Defendants No. 1 and 2 to the United States, and,

~~WHEREAS, the Court finds that for the reasons set forth in the United States Motion For Interlocutory Sale, good shown has been shown that the motion should be granted,~~

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. ~~The Motion for Interlocutory Sale of Defendant No. 1 is hereby granted.~~

2. The property that is to be sold pursuant to this order is located at 927 Cole Street, Golden, Colorado, more particularly described as:

> Parcel B, Exemption Survey Section 6, Township 4 South, Range 69 West, E18-3-93 according to the Exemption Survey Recorded June 4, 1993 at Reception No. 93079644 in Book 113 at Page 26, County of Jefferson, State of Colorado.

3. Defendant No. 1 shall be sold in a commercially reasonable manner, pursuant to the procedures and regulations of the Department of the Treasury, using the sales method that the Internal Revenue Service (IRS) determines will generate the maximum return from the sale of the subject real property.

4. The IRS shall utilize a disinterested appraiser to appraise the fair market value of Defendant No. 1.

5. No sale of the property will be confirmed at a price less than two-thirds of the appraised value of the property, as determined by the Court at the time of the United States' motion for confirmation of the sale.

6. The terms and conditions of the sale shall be as follows:

    A. The sale shall be for cash;

    B. The property shall be sold in its entirety, free and clear of all right, title, claim, liens, and interest of any and all persons or parties whatsoever existing in said property; and,

    C. The sales price may not be less than two-thirds of the appraised value.

7. Upon the closing of the sale of the property, distribution of the sale proceeds shall be disbursed, to the extent that funds are available, as follows in order:

   A. Costs of sale, including real estate commission and closing costs;

   B. Outstanding real estate taxes; and,

   C. Costs incurred by the United States relating to the custody and maintenance of the Defendant No. 1 since the time of seizure through the date of sale.

8. Upon confirmation by the Court of the sale, the IRS shall execute the real estate contract on the terms ordered by the Court herein, and proceed to consummate the sale including issuing the appropriate deed or bill of sale to the buyer.

9. The remaining proceeds of the sale of Defendant No. 1 will be substituted as the substitute res for Defendant No. 1, and said proceeds shall be held by the United States Treasury Department pending further order of the Court, and this action shall continue against the remaining sale proceeds as if they were the real property.

DATED at Denver, Colorado, this 12th day of March, 2012.

                                                        BY THE COURT:

                                                        *s/Craig B. Shaffer*
                                                        Craig B. Shaffer
                                                        United States Magistrate Judge