**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-02106-PAB-CBS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

927 COLE STREET, GOLDEN, COLORADO, et. al.

        Defendants.

_____

**ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE IN REM**
_____

        George Magnani ("Magnani" or "Claimant"), by and through his counsel Ogborn, Summerlin & Ogborn, LLC, submits the following Answer to Verified Complaint for Forfeiture In Rem:

**JURISDICTION AND VENUE**

1. On information and belief, Claimant admits the accuracy of the allegations set forth in Paragraph 1 of the Complaint.

2. Claimant admits the accuracy of the allegations set forth in Paragraph 2 of the Complaint.

**DEFENDANT PROPERTY**

3. Claimant admits the accuracy of the allegations set forth in Paragraph 3 of the Complaint.

**FACTUAL BASIS FOR FORFEITURE**

4. Claimant is aware of the fraudulent scheme utilized by Richard Dalton, Marie Dalton, and Universal Consulting Resources, and therefore, on information and belief, Claimant admits the accuracy of the allegations set forth in Paragraph 4 of the Complaint.

5. Claimant admits the accuracy of the allegations set forth in Paragraph 5 of the Complaint.

6. On information and belief, Claimant admits the accuracy of the allegations set forth in Paragraph 6 of the Complaint.

7. Claimant admits the accuracy of the allegations set forth in Paragraph 7 of the Complaint.

8. Claimant admits the accuracy of the allegations set forth in Paragraph 8 of the Complaint.

9. Paragraph 9 requires no admission or denial.

10. Claimant admits the accuracy of the allegations set forth in Paragraph 10 of the Complaint.

11. Claimant admits the accuracy of the allegations set forth in Paragraph 11 of the Complaint, as they relate to the "Diamond Program."

12. Claimant admits the accuracy of the allegations set forth in Paragraph 12 of the Complaint, as they relate to investors typically learning of the investment program from earlier investors.

13. Claimant admits the accuracy of the allegations set forth in Paragraph 13 of the Complaint.

14. Claimant admits the accuracy of the allegations set forth in Paragraph 14 of the Complaint.

15. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 15 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

16. Claimant admits the accuracy of the allegations set forth in Paragraph 16 of the Complaint.

17. Claimant admits the accuracy of the allegations set forth in Paragraph 17 of the

   Complaint.

18.  Claimant admits the accuracy of the allegations set forth in Paragraph 18 of the Complaint.

19.  Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 19 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

20.  Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 20 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

21.  Claimant admits the accuracy of the allegations set forth in Paragraph 21 of the Complaint, as it relates to the purchase of the home and monies expended on the Daltons' daughters wedding.

22.  Claimant admits the accuracy of the allegations set forth in Paragraph 22 of the Complaint.

23.  Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 23 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

24.  Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 24 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

25.  Claimant admits the accuracy of the allegations set forth in Paragraph 25 of the Complaint.

26.  Claimant admits the accuracy of the allegations set forth in Paragraph 26 of the

 

Complaint.

27. Claimant admits the accuracy of the allegations set forth in Paragraph 27 of the Complaint.

28. Claimant admits the accuracy of the allegations set forth in Paragraph 28 of the Complaint.

29. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 29 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

30. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 30 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

31. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 31 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

32. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 32 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

33. Claimant admits the accuracy of the allegations set forth in Paragraph 33 of the Complaint.

34. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 34 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.  Claimant, himself, made repeated attempts to get his money back from the Daltons and UCR toward the end of 2010 and into 2011.

35. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 35 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

36. Claimant admits the accuracy of the allegations set forth in Paragraph 36 of the Complaint.

37. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 37 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

38. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 39 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

39. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 39 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations, as he was provided similar excuses for the failure to return his investment money or provided profit payments as promised.

40. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 40 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

41. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 41 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

42. Claimant admits the accuracy of the allegations set forth in Paragraph 42 of the Complaint.

43. Claimant admits the accuracy of the allegations set forth in Paragraph 43 of the Complaint, as it relates to the restraining order and requirement for the Daltons to surrender their passports.  On information and belief, the Daltons were apprehended and have been brought back to Colorado.

### FINANCIAL ANALYSIS–Purchase of 927 Cole Street, Golden, CO

44. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 44 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

45. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 45 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

46. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 46 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

47. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 47 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

48. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 48 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

49. Claimant admits the accuracy of the allegations set forth in Paragraph 49 of the Complaint.

50. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 50 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

51. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 51 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

52. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 52 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

53. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 53 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

54. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 54 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

55. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 55 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

56. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 56 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

57. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 57 of the Complaint; however, Claimant has no reason

to deny the accuracy of such allegations.

58. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 58 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

59. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 59 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

## FINANCIAL ANALYSIS–Purchase of 2008 Toyota Highlander

60. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 60 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

61. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 61 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

62. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 62 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

63. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 63 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

64. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 64 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

65. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 65 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

## CONCLUSION

66. Claimant admits the accuracy of the allegations set forth in Paragraph 66 of the Complaint.

67. Claimant admits the accuracy of the allegations set forth in Paragraph 67 of the Complaint.

68. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 68 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

69. Claimant admits the accuracy of the allegations set forth in Paragraph 69 of the Complaint.

70. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 70 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

71. Claimant admits the accuracy of the allegations set forth in Paragraph 71 of the Complaint.

72. Claimant admits the accuracy of the allegations set forth in Paragraph 72 of the Complaint.

## CLAIM FOR RELIEF

73. Paragraph 73 is a statement of incorporation and, therefore, requires no admission or denial.

74. Claimant admits the accuracy of the allegations in Paragraph 74, but asserts that he has a protectable interest in that property that must be satisfied prior to disbursement to any other interested party.

75. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 75 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

76. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 76 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

77. Claimant does not have sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 77 of the Complaint; however, Claimant has no reason to deny the accuracy of such allegations.

## **AFFIRMATIVE DEFENSES**

1. Claimant Magnani asserts that he obtained a valid judgment against Richard Dalton, Marie Dalton, and Universal Consulting Resources, and he properly recorded the judgment against Marie Dalton on the 927 Cole Street Property for the purpose of protecting his interests.  Claimant Magnani has an interest in the property, and as such, he has a right to fulfillment of his judgment from any forfeiture and sale of the property prior to disbursement to any other interested parties.

Respectfully submitted this 3rd day of May, 2012.

OGBORN, SUMMERLIN & OGBORN, LLC

/s/ Nicole M. Quintana

_____

Murray Ogborn, Atty. Reg. No. 14508
Nicole M. Quintana, Atty. Reg. No. 42675
1700 Broadway, Suite 1900
Denver, Colorado 80290
Phone: (303) 861-7472
Facsimile: (303) 831-0551
*Attorneys for Claimant George Magnani*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a correct copy of the foregoing was served on the following via CM/ECF and/or regular, U.S. mail, postage prepaid on this 3rd day of May, 2012.

Richard L. Hathaway
Christine E. Kenney
Special Attorneys for the U.S. Attorney's Office
444 S.E. Quincy, Suite 290
Topeka, Kansas 66683-3592
rich.hathaway@usdoj.gov
christine.kenney@usdoj.gov

/s/ Audra Albright

_____

Audra Albright