IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-CV-02106-PAB-CBS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DEFENDANT 1: ONE PARCEL OF PROPERTY
LOCATED AT 927 COLE STREET, GOLDEN,
COLORADO, with all appurtenances,
improvements and attachments thereon,

DEFENDANT 2: ONE 2008 TOYOTA
HIGHLANDER, VIN #JTEES42A182076495,

        Defendants.
_____

### **UNOPPOSED MOTION TO STAY PROCEEDINGS**
_____

        The United States of America, by and through Attorney General of the United States Eric Holder, Barry R. Grissom, United States Attorney for the District of Kansas, through Special Attorneys, Richard L. Hathaway and Christine E. Kenney, respectfully moves this Court to enter an Order staying proceedings in the above captioned matter, and in support of this motion asserts as follows:

        1.      Pursuant to D.C.COLO.LCivR 7.1.A, undersigned counsel represents that they conferred with Thomas E. Goodreid counsel for Claimant Marie Dalton and Nicole M. Quintana counsel for Claimant George Magnani regarding the instant motion.

        2.      Counsel for the Claimants indicate neither Claimant objects to the stay of these proceedings.

3. The government is seeking forfeiture of one parcel of property located at 927 Cole Street, Golden, Colorado and one 2008 Toyota Highlander, VIN #JTEES42A182076495. Claimant Marie Dalton filed a claim as to the real property only. (Doc. 16). Claimant George Magnani filed a claim as to the real property only. (Doc. 17).

4. Claimant Marie Dalton currently faces charges in United States District Court under Case No. 11-CR-430-CMA.

5. The United States seeks a stay of this case pursuant to 18 U.S.C. § 981(g)(1). This provision provides that, "[u]pon the motion of the United States, the court **shall** stay the civil forfeiture proceedings if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." (emphasis added).

6. Under Case No. 11-CR-430-CMA a status conference is scheduled for July 27, 2012, at which time the government anticipates that a trial will be scheduled approximately six months from that date.

7. Civil discovery in this case would compromise the criminal case because civil discovery would likely commence prior to the criminal trial. *See United States v. Real Property...10 Table Bluff Road*, 2007 WL 911849, at *2 (N.D. Cal. 2007) (stay must be granted if civil discovery will subject the Government to broader and earlier discovery than would occur in a criminal case; if the required showing is made, the court is obligated by the plain language of the statute to grant the Government's request for a stay).

8. The subject matter of the civil case is directly related to the facts in dispute in Claimant Marie Dalton's pending criminal case. Marie Dalton is charged with numerous criminal

violations, including conspiracy to commit wire fraud, mail fraud and money laundering, and the substantive violations of wire fraud, mail fraud and money laundering. The controverted issue in the civil case is whether the subject property is proceeds of and/or involved in money laundering, wire fraud and mail fraud.  Civil discovery in this case would be thwarted because Marie Dalton would be unlikely to answer interrogatories or depositions without jeopardizing her right to self-incrimination, undermining the integrity of discovery for both sides.

9. Even in general civil context where there is not specific statutory language commanding the stay of the civil proceeding it is recognized that the Fifth Amendment can and should be invoked when it can be implicated. The privilege against self-incrimination, one of our most cherished fundamental rights, is zealously guarded by the courts. It protects an individual not only from involuntarily becoming a witness against himself in a criminal proceeding, but also from answering specific allegations in a complaint or filing responses to interrogatories in a civil action where the answers might incriminate him in future criminal actions. *North River Ins. Co. V. Stefanou*, 831 F.2d 484, 486-487 (4th Cir. 1987).

10. Further, a stay of these proceedings does not violate the parties' due process or ability to litigate their claims once the stay is lifted. *See United States v. Contents of Nationwide Life Ins. Annuity…in the Name of Warshak*, 2008 WL 1733130, at *4 (S.D. Ohio 2008) (18-month delay in bringing civil case to trial did not violate due process where civil case was stayed pending outcome of criminal case).

WHEREFORE, United States respectfully requests that this Court stay the proceedings in this matter for a period of one hundred eighty days pending the outcome of the related criminal case.

Respectfully submitted,

ERIC H. HOLDER, JR.
ATTORNEY GENERAL OF THE UNITED STATES
&
BARRY R. GRISSOM, # 10866
UNITED STATES ATTORNEY
DISTRICT OF KANSAS
barry.grissom@usdoj.gov

by:

s/Richard L. Hathaway
rich.hathaway@usdoj.gov

&

s/Christine E. Kenney
christine.kenney@usdoj.gov
Special Attorneys
444 SE QUINCY, SUITE 290
TOPEKA, KS 66683
Phone: (785) 295-2850
Fax: (785) 295-2853

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16th, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to any counsel of record.

s/Christine E. Kenney
christine.kenney@usdoj.gov
Special Attorneys
444 SE QUINCY, SUITE 290
TOPEKA, KS 66683
Phone: (785) 295-2850
Fax: (785) 295-2853