IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02106-PAB-CBS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

927 COLE STREET, GOLDEN, COLORADO, and
2008 TOYOTA HIGHLANDER, VIN # JTEES42A182076495,

    Defendants.

_____

**UNOPPOSED MOTION TO EXTEND THE STAY OF THE PROCEEDINGS**
_____

The United States of America, by and through Attorney General of the United States Eric Holder, Barry R. Grissom, United States Attorney for the District of Kansas, through Special Attorneys, Tonya S. Andrews, Richard L. Hathaway and Christine E. Kenney, respectfully moves this Court to enter an Order extending the stay of these proceedings. In support of this motion, the United States asserts as follows:

    1.    On May 16, 2012, the United States filed an Unopposed Motion to Stay Proceedings. (Doc. 53).

    2.    On May 21, 2012, the Court granted the motion, staying these proceedings for 180 days from the date of the order, that is until November 17, 2012. (Doc. 55).

3. As set forth in its initial motion to stay, the government is seeking forfeiture of one parcel of property located at 927 Cole Street, Golden, Colorado and one 2008 Toyota Highlander, VIN #JTEES42A182076495. Claimant Marie Dalton filed a claim as to the real property only. (Doc. 16). Claimant George Magnani filed a claim as to the real property only. (Doc. 17).

4. Claimant Marie Dalton currently faces charges in United States District Court under Case No. 11-CR-430-CMA. This criminal case is currently scheduled for a three-week trial to begin on March 4, 2013. All pre-trial motions are currently due by December 7, 2012. Pending those dates, the United States is involved in plea negotiations with both defendants, Richard Dalton and Marie Dalton.

5. The United States seeks to extend the stay of this case pursuant to 18 U.S.C. § 981(g)(1). This provision provides that, "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceedings if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." (emphasis added).

6. Civil discovery in this case would compromise the criminal case because civil discovery would likely commence prior to the criminal trial, currently scheduled for March 4, 2013. See *United States v. Real Property...10 Table Bluff Road*, 2007 WL 911849, at *2 (N.D. Cal. 2007) (stay must be granted if civil discovery will subject the Government to broader and earlier discovery than would occur in a criminal case; if the required showing is made, the court is obligated by the plain language of the statute to grant the Government's request for a stay).

2

7. The subject matter of the civil case is directly related to the facts in dispute in Claimant Marie Dalton's pending criminal case. Marie Dalton is charged with numerous criminal violations, including conspiracy to commit wire fraud, mail fraud and money laundering, and the substantive violations of wire fraud, mail fraud and money laundering. The controverted issue in the civil case is whether the subject property is proceeds of and/or involved in money laundering, wire fraud and mail fraud. Civil discovery in this case would be thwarted because Marie Dalton would be unlikely to answer interrogatories or depositions without jeopardizing her right to self-incrimination, undermining the integrity of discovery for both sides.

8. Even in a general civil context where there is not specific statutory language commanding the stay of the civil proceeding, it is recognized that the Fifth Amendment can and should be invoked when it can be implicated. The privilege against self-incrimination, one of our most cherished fundamental rights, is zealously guarded by the courts. It protects an individual not only from involuntarily becoming a witness against himself in a criminal proceeding, but also from answering specific allegations in a complaint or filing responses to interrogatories in a civil action where the answers might incriminate him in future criminal actions. *North River Ins. Co. v. Stefanou*, 831 F.2d 484, 486-487 (4th Cir. 1987).

9. Further, a continued stay of these proceedings does not violate the parties' due process or ability to litigate their claims once the stay is lifted. See *United States v. Contents of Nationwide Life Ins. Annuity…in the Name of Warshak*, 2008 WL 1733130, at *4 (S.D. Ohio 2008) (18-month delay in bringing civil case to trial did not violate due

process where civil case was stayed pending outcome of criminal case).

10. Pursuant to D.C.COLO.LCivR 7.1A, undersigned counsel represents that they conferred with Thomas E. Goodreid counsel for Claimant Marie Dalton and Nicole M. Quintana counsel for Claimant George Magnani regarding the instant motion. Counsel for the Claimants indicate neither Claimant objects to the continued stay of these proceedings.

WHEREFORE, United States respectfully requests that this Court extend the stay of these proceedings in this matter until the related criminal case is resolved.

DATED this 15th day of November, 2012.

>Respectfully submitted,
>
>ERIC H. HOLDER, JR.
>ATTORNEY GENERAL OF THE UNITED STATES
>    &
>BARRY R. GRISSOM, # 10866
>UNITED STATES ATTORNEY
>DISTRICT OF KANSAS
>barry.grissom@usdoj.gov
>
>By:
>
>s/ Tonya S. Andrews
>tonya.andrews@usdoj.gov
>Special Attorney
>1225 17th Street, Suite 700
>Denver, CO 80202
>Telephone: (303) 454-0210
>
>s/ Richard L. Hathway
>rich.hathaway@usdoj.gov

4

        s/ Christine E. Kenney
christine.kenney@usdoj.gov
Special Attorneys
444 SE Quincy, Suite 290
Topeka, KS 66683
Telephone: (785) 295-2850

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2012, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record.

        s/ Tonya S. Andrews
Special Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0210

5