IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02106-PAB-CBS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

927 COLE STREET, GOLDEN, COLORADO, and
2008 TOYOTA HIGHLANDER, VIN #JTEES42A182076495,

    Defendants.

_____

**ORDER AS TO 2008 TOYOTA HIGHLANDER**
_____

This matter comes before the Court on the Motion for Entry of Default Judgment and Request for Final Order of Forfeiture as to Defendant No. 2 [Docket No. 56] filed by plaintiff United States of America.[1]

In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55. First, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been

---

[1] On November 19, 2012, the Court granted [Docket No. 62] the United States' motion to extend a stay of these proceedings [Docket No. 60] pursuant to 18 U.S.C. § 981(g)(1), which provides that "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." The United States filed its motion for default judgment [Docket No. 56] on June 29, 2012, one month after the Court granted its initial motion for a stay of 180 days [Docket No. 55]. As no one has filed a claim to the Toyota Highlander, ruling on the United States' motion for default judgment will not "adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." *See* 18 U.S.C. § 981(g)(1).

entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *See Williams v. Smithson, 1995 WL 365988*, at *1 (10th Cir. June 20, 1995) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). In this case, the Clerk of the Court entered default against defendant 2008 Toyota Highlander, VIN #JTEES42A182076495 ("the Toyota Highlander"), on May 9, 2012 [Docket No. 51]. Plaintiff now seeks entry of judgment by default pursuant to Rule 55(b).

The decision to enter default judgment is "'committed to the district court's sound discretion . . . .'" *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997)). When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation marks and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id*. It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id*. at 733.

Claimants Marie Dalton and George Magnani filed claims as to the real property only [Docket Nos. 16 and 47] and have not sought relief from the entry of default entered against the Toyota Highlander or responded to the motion for default judgment. Mr. Magnani's Answer [Docket No. 49] addresses only the real property and does not deny that "the 2008 Toyota Highlander is proceeds of a violation or violations of 18 U.S.C. §§ 1956 and 1957 and therefore is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A)." Docket No. 1 at 23, ¶ 77; Docket No. 49 at 10, ¶ 77.

Upon the entry of default against defendants, the well-pleaded allegations in the complaint are deemed admitted. *See Olcott*, 327 F.3d at 1125; *see also* 10A Charles Wright, Arthur Miller & Mary Kane, Fed. Prac. & Proc. § 2688 (3d ed. 2010). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id*.

Plaintiff seeks to forfeit property pursuant to 18 U.S.C. § 981(a)(1)(A), which provides that "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property" is "subject to forfeiture to the United States." The Court has reviewed the well-pleaded allegations in plaintiff's complaint [Docket No. 1] and finds that the facts alleged, accepted as true, support the forfeiture of the Toyota Highlander to the United States. Accordingly, it is

**ORDERED** that the Motion for Entry of Default Judgment and Request for Final Order of Forfeiture as to Defendant No. 2 [Docket No. 56] is GRANTED. It is further

**ORDERED** that default judgment and forfeiture of the 2008 Toyota Highlander, VIN #JTEES42A182076495, including all right, title, and interest, is entered in favor of plaintiff United States of America.

DATED February 5, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge