| | EFILED Document<br>CO Jefferson County District Court 1st JD<br>Filing Date: May 12 2011 2:32PM MDT<br>Filing ID: 37557303<br>Review Clerk: Luz R |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, STATE OF COLORADO<br>Court Address:   100 Jefferson County Parkway<br>                          Golden, Colorado 80401<br>Phone Number:  (303) 271-6145 | |
| **Plaintiff(s):**<br>GEORGE MAGNANI<br><br>v.<br><br>**Defendant(s):**<br>MARIE DALTON | ▲ COURT USE ONLY ▲<br><br>Case No.: |
| Attorneys for Plaintiff:<br>Murray Ogborn, Atty. Reg. No. 14508<br>Nicole M. Quintana, Atty. Reg. No. 42675<br>OGBORN, SUMMERLIN & OGBORN, LLC<br>1700 Broadway, Suite 1900<br>Denver, Colorado 80290<br>Phone Number:  (303) 861-7472<br>Fax Number:      (303) 831-0551<br>Email: murray@osolaw.com; nicole@osolaw.com | Div.:           Ctrm.: |
| **COMPLAINT** | |

Plaintiff, George Magnani ("Magnani" or "Plaintiff"), for his Complaint against Defendant Marie Dalton ("Defendant") states and alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, at all times material to this Complaint, was a resident of the State of California.

2. Defendant Dalton is an individual who, at all times relevant to this complaint, resided at 927 Cole Street, Golden, Colorado 80401, and is married to Richard D. Dalton, who was allegedly engaged in the business of investment management and the purchase and resale of precious stones.

3. Jurisdiction and venue are proper in Jefferson County District Court pursuant to C.R.C.P. 98, and the amount in controversy exceeds $15,000.00.



GOVERNMENT EXHIBIT 11

## STATEMENT WITH REGARD TO SIMPLIFIED PROCEDURE RULE 16.1

4. Simplified Procedure under C.R.C.P. 16.1 **does not apply** to this case because Plaintiff is seeking a monetary judgment in excess of $100,000.00 against Defendant, including any attorney fees, penalties or punitive damages, but excluding interest and costs.

## GENERAL ALLEGATIONS

5. Defendant, at all times relevant to this complaint, was married to Richard D. Dalton.

6. Mr. Dalton has been engaging in a Ponzi scheme wherein he deceived individuals into investing large amounts of personal money in his purported diamond importing business. Mr. Magnani was one of those investors.

7. Mr. Magnani invested one hundred thousand dollars ($100,000) with Universal Consulting Resources, LLC ("UCR"), Mr. Dalton's sham/shell company through which he conducted his Ponzi scheme business, based on the promise of investment returns in the amount of at least twenty percent (20%) each month from the purchase and sale of diamonds.

8. In light of the purported investment scheme, Mr. Dalton was acting as a broker dealer, pursuant to Section 3(a)(4) and (5) of the federal Exchange Act, and as such, he owed a fiduciary duty to those individuals that invested money in the business.

9. To date, Plaintiff has received no return on his investment, as promised, nor has he received a refund of his investment.

10. In June 2009, the Defendant purchased a home located at 927 Cole Street in Golden, Colorado for the amount of $936,000.00 in cash. The home was titled solely in Defendant's name.

11. An investigation by the U.S. Securities & Exchange Commission ("SEC") shows that Mr. Dalton's shell company, UCR, transferred more than $1.2 million in investors' funds to Arcanum Equity Fund. An Arcanum company then transferred $910,356.44 to Guardian Title Agency, LLC for the purchase of that property at 927 Cole Street.

12. Based on that information, Mr. Dalton fraudulently transferred, for the benefit of Defendant and the purchase of the home, money that was purportedly to be invested in Mr. Dalton's import business.

13. Upon information and belief, Defendant knew that such transfer of money was improper, that it was done to defraud creditors and investors.

14. Defendant provided no consideration in exchange for the transfer of money to purchase the home.

15. In the least, Defendant was aware of Mr. Dalton's fiduciary duties to his investors and was aware that the funds for the home were coming from the investors' investment monies.

16. In addition to the funds received for the purchase of the property, Defendant's living expenses have been subsidized by cash distributions and other wrongful allocations of investor money by Mr. Dalton for personal use by Defendant and Mr. Dalton.

### FIRST CLAIM FOR RELIEF
(Civil Conspiracy)

17. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18. Defendant and Mr. Dalton had a meeting of the minds to permanently deprive investors, including Plaintiff, of their money.

19. Such deprivation was intended to be and, in fact, was accomplished by improper, illegal transfers of money from Mr. Dalton's shell company to or for the benefit of Defendant, namely for the purchase of the house at 927 Cole Street solely in Defendant's name and cash disbursements to use for her and her family's benefit.

20. As a direct and proximate result of Defendant's unlawful overt acts and conspiracy with Mr. Dalton, Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

### SECOND CLAIM FOR RELIEF
(Civil Theft Pursuant to C.R.S. § 18-4-405)

21. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22. Upon information and belief, Mr. Dalton stole Plaintiff's investment monies and transferred those and other investor funds to Defendant for purposes other than those stated in the Agreement between Mr. Magnani and UCR/Mr. Dalton.

23. On information and belief, Defendant had no intent of returning such funds to Plaintiff, nor did she provide any consideration for such monies given her by Mr. Dalton.

24. The actions of Defendant and her receipt of those monies amount to civil theft pursuant to C.R.S. § 18-4-405 and have caused Plaintiff to suffer damages and losses for which he is entitled to treble damages, attorneys fees, and costs.

### THIRD CLAIM FOR RELIEF
(Conversion)

25. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. Defendant exercised dominion and ownership over Plaintiff's invested funds without his consent and used the money as a cash payment for a house rather than for its intended purpose as an investment in a diamond business.

27. Defendant used the money to purchase a house, as well as for other benefits to her and her family, and therefore, she cannot return Plaintiff's property to him.

28. As a direct and proximate result of Defendant's conversion of property, Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

### FOURTH CLAIM FOR RELIEF
(Unjust Enrichment)

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. Defendant received the benefit of investment funds in the form of cash disbursements.

31. Defendant appreciated the benefit of that investment money, as reflected in the purchase of the home that rests in her name, as well as cash disbursements she used for her and her family's benefit.

32. The benefit of investment funds was accepted by Defendant under such circumstances that it would be inequitable for it to be retained without payment of its value.

33. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

## FIFTH CLAIM FOR RELIEF
(Aiding and Abetting Breach of Fiduciary Duty)

34. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. Defendant aided and abetted Mr. Dalton in the wrongful act of taking investment funds, which caused injury to Plaintiff.

36. On information and belief, Defendant was generally aware of her role as part of an overall illegal or tortious activity at the time she provided the assistance.

37. Defendant knowingly and substantially assisted Mr. Dalton in his breach of fiduciary duty by making arrangements to purchase a home in her name only through the transfer of funds from Mr. Dalton's business to the title company on Defendant's behalf, as well as by accepting cash disbursements to be used for her and her family's benefit.

38. Defendant was aware of Mr. Dalton's status as a fiduciary to the investors and was aware that the transfer and disbursement of investment funds contravened his fiduciary duty to investors, including Plaintiff.

39. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries, losses, and damages in amounts to be proven at trial.

WHEREFORE, Plaintiff George Magnani requests this Court enter judgment against Defendant Marie Dalton for the following:

(a) actual damages;
(b) treble damages as permitted by law;
(c) pre-judgment interest;
(d) attorney fees as permitted by law or contract;
(e) costs; and
(f) such other relief as the Court deems just and proper.

Respectfully submitted this 12th day of May, 2011.

                    OGBORN, SUMMERLIN & OGBORN, LLC

                    /s/ Nicole M. Quintana
                    _____
                    Murray Ogborn, Atty Reg. No. 14508
                    Nicole M. Quintana, Atty. Reg. No. 42675
                    1700 Broadway, Suite 1900
                    Denver, Colorado 80290
                    Phone: (303) 861-7472
                    Facsimile: (303) 831-0551
                    *Attorneys for George Magnani*