## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02106-PAB-CBS

UNITED STATES OF AMERICA,

               Plaintiff,

v.

927 COLE STREET, GOLDEN, COLORADO, et. al.

               Defendants.

---

## AFFIDAVIT OF CLAIMANT GEORGE MAGNANI IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

     I, George Magnani, being of lawful age, and being first duly sworn upon my oath, depose and state that I have personal knowledge of the following facts:

     1.    Prior to November, 2009, I learned of an investment opportunity with Universal Consulting Resources ("UCR") and Richard Dalton ("Dalton") from another investor who believed UCR and Dalton were providing legitimate returns on investment.

     2.    On November 12, 2009, I entered into an Agreement with UCR and Dalton, pursuant to which terms I invested $100,000.00 for the alleged purchase and sale of precious gems.

     3.    In return for my investment and in accordance with the terms of the Agreement, I was to receive at least twenty-percent interest per transaction on my investment. The Agreement

1



EXHIBIT

A

provided that Mr. Dalton would enter into at least one transaction per month; thus, I was to receive $20,000.00 per month on my investment.

4.      Pursuant to the terms of the Agreement, I was to begin receiving interest payments on my investment beginning in December of 2009, though I have never received any payment.

5.      I did not have any contact with Marie Dalton during either the investment stage or later communications with Dalton trying to get my investment back.

6.      In October 2010, I filed a lawsuit against Dalton and UCR for breach of contract, breach of implied duty of good faith and fair dealing, civil theft, and breach of fiduciary duty, with alternative claims of fraud.

7.      The 2009 lawsuit did not include any claims against Marie Dalton, as I was not aware of her position as the purported bookkeeper for UCR, nor was I aware of the benefits she had derived from Dalton's investment scheme.

8.      Subsequent to filing suit against Dalton, I learned of a lawsuit filed by the Securities and Exchange Commission against UCR and Dalton, which named Marie Dalton as a "Relief Defendant," but alleged no claims against her other than equitable disgorgement related to money and property she received from Dalton's/UCR's investment scheme, nor did it make any allegations of her purported position as the bookkeeper for UCR.

9.      Thereafter, I filed a lawsuit against Marie Dalton, personally, based on her alleged receipt of those benefits from Dalton's/UCR's investment scheme.

10.     I obtained a default judgment against Marie Dalton and recorded the judgment on December 12, 2011, against the 927 Cole Street property titled in her name.

11.   At no time prior or up to the date of recording the judgment lien did I have any knowledge that the property was subject to forfeiture or that a civil forfeiture action had been filed.

12.   I did not learn of the civil forfeiture action until March, 2012, at which time I was provided a copy of the Complaint.

Further affiant sayeth not.


_____
George Magnani

STATE OF _California_                     )
                                          ) ss
COUNTY OF _Los Angeles_                   )

SUBSCRIBED AND SWORN TO BEFORE ME this 18th day of November, 2013, by George Magnani.

Witness my hand and official seal.


My Commission Expires: _Dec 27, 2016_          _____
                                               Notary Public

MARIA VALLE GUILLEN
Commission # 2002219
Notary Public - California
Los Angeles County
My Comm. Expires Dec 27, 2016

8335 Winnetka Ave
Address   Winnetka CA 91306

3