| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, STATE OF COLORADO<br>Court Address: 100 Jefferson County Parkway<br>Golden, Colorado 80401<br>Phone Number: (303) 271-6145 | |
| **Plaintiff:**<br>GEORGE MAGNANI<br><br>v.<br><br>**Defendant:**<br>UNIVERSAL CONSULTING RESOURCES, LLC, a New Mexico limited liability company; RICHARD D. DALTON, individually | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br>Murray Ogborn, Atty. Reg. No. 14508<br>OGBORN, SUMMERLIN & OGBORN, LLC<br>1700 Broadway, Suite 1900<br>Denver, Colorado 80290<br>Phone Number: (303) 861-7472<br>Fax Number: (303) 831-0551<br>Email: murray@osolaw.com | Case No.:<br><br>Div: Ctrm: |
| **COMPLAINT** | |

Plaintiff, George Magnani ("Magnani" or "Plaintiff"), for his Complaint against Defendants Universal Consulting Resources, LLC ("UCR") and Richard D. Dalton ("Dalton") states and alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, at all times material to this Complaint, was a resident of the State of California.

2. Defendant UCR is a foreign corporation incorporated in the State of New Mexico, with its registered company address located at 8400 Menaul NE, Suite A-152, Albuquerque, New Mexico 87112, and its place of business is listed as 927 Cole Street, Golden, Colorado 80401. At all times material to this Complaint, UCR was allegedly engaged in the business of investment management and the purchase and resale of precious stones.

3. Defendant Dalton is an individual who, at all times relevant to this complaint, resided at 927 Cole Street, Golden, Colorado 80401 and who was allegedly engaged in the business of investment management and the purchase and resale of precious stones.



EXHIBIT C

4. Jurisdiction and venue are proper in Jefferson County District Court pursuant to C.R.C.P. 98, and the amount in controversy exceeds $15,000.00.

## STATEMENT WITH REGARD TO SIMPLIFIED PROCEDURE RULE 16.1

5. Simplified Procedure under C.R.C.P. 16.1 **does not apply** to this case because Plaintiff is seeking a monetary judgment in excess of $100,000.00 against Defendant, including any attorney fees, penalties or punitive damages, but excluding interest and costs.

## GENERAL ALLEGATIONS

6. UCR and Dalton, at all times relevant to this complaint, were allegedly engaged in the business of buying and selling precious stones.

7. On information and belief, Dalton represented that he was acting as an agent of UCR when, in fact, UCR was not involved in the contract, representations, or transactions at issue in this case and appears not to have been a valid company. As such, Dalton is personally liable for the incidents giving rise to this action.

8. In order to conduct business in the field of buying and selling precious stones, Dalton presented investment opportunities to investors, by the terms of which the investors would deposit money into an account for the alleged purpose of funding the purchase of precious stones by Dalton and UCR. In exchange, the investors were promised a monthly return on the investment.

9. On November 12, 2009, Magnani, Dalton, and UCR entered into an Investment Structure Agreement (the "Agreement").

10. Pursuant to the terms of the Agreement, Magnani invested and deposited one-hundred thousand dollars ($100,000.00) in a designated account. In return, he was to receive a minimum return on his investment of twenty-percent (20%) per transaction, paid monthly beginning in December of 2009.

11. The Agreement further provided for one transaction per month, thereby establishing a payment schedule of once per month.

12. Since execution of the Agreement over ten months ago, Magnani has yet to receive any payment from UCR or Dalton.

13. The terms of the Agreement further provide that the laws of the State of Colorado will govern.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 as if fully set forth herein.

15. UCR and Dalton entered into a valid and enforceable contract with Magnani, wherein they agreed to pay a monthly return on Magnani's investment in exchange for his deposit of one-hundred thousand dollars ($100,000.00) into the designated account.

16. Magnani performed his contractual obligations under the Agreement by making such deposit.

17. UCR and Dalton failed to fulfill their obligations under the agreement, including but not limited to failing to make the required payments to Magnani as required by the terms of the Agreement.

18. As a direct and proximate result of Defendants' breach of the Agreement, Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

## SECOND CLAIM FOR RELIEF
(Breach of Good Faith and Fair Dealing)

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. Defendants failed to act in good faith and to deal fairly with Plaintiff in their failure to perform their obligations under the contract.

21. As a direct and proximate result of Defendants' failure to act in good faith and deal fairly with Plaintiff, Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

## THIRD CLAIM FOR RELIEF
(Civil Theft Pursuant to C.R.S. § 18-4-405)

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. Upon information and belief, Defendants have failed to hold Plaintiff's investment funds in a segregated account, as required by the Agreement, and/or have used those funds for purposes other than those stated in the Agreement.

24. Defendants' actions were carried out with the specific intent to deprive Plaintiff of the use, value, and benefit of the amounts not held in trust or used unlawfully and for the benefit of

Defendants.

25. The actions of Defendants amount to civil theft pursuant to C.R.S. § 18-4-405 and have caused Plaintiff to suffer damages and losses for which he is entitled to treble damages.

## FOURTH CLAIM FOR RELIEF
(Breach of Fiduciary Duty)

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

27. Defendants were acting as fiduciaries to Plaintiff as a result of the investment relationship between the parties, as established both by law and the Agreement.

28. Defendants had a duty to provide Plaintiff with accurate information in relation to the investment and Agreement entered into between the parties.

29. Defendants breached their fiduciary in the following non-exclusive manner:

   (a) Falsely representing that Plaintiff would receive investment returns on a monthly basis.

   (b) Falsely representing that all investment funds would be held in a "segregated account.

   (c) Falsely representing that the investment funds would be available for disbursement to the Investor directly in accordance with the terms of the Agreement.

   (d) Falsely representing that Dalton would not distribute or release any of the investment funds except for specific "Bank to Bank wore transactions that effectuate a simultaneous Buy-Sell transaction between banks."

30. As a direct and proximate result of Defendants' breach of fiduciary duty, Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

## FIFTH CLAIM FOR RELIEF
(Fraud)

31. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. Defendants made false representations of past or present facts, including but not limited to representations regarding expected returns and transaction frequency for investments in Defendants' business.

33. These facts were material.

34. Defendants made these representations knowing them to be false or they were aware that they did not know whether the representations were true.

35. Defendants made these representations with the intent that Plaintiff rely upon them.

36. Plaintiff did, in fact, rely on Defendants' representations and such reliance was justified.

37. This reliance directly and proximately caused injuries, damages, and losses to Plaintiff in amounts to be proven at trial.

### SIXTH CLAIM FOR RELIEF
(Fraud Pursuant to C.R.S. § 11-51-501)

38. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. Defendants, in connection with the offer, sale, and/or purchase of the security at issue in this case, directly or indirectly, perpetrated a fraud upon Plaintiff in the following non-exclusive manners:

    (a) by employing a device, scheme, or artifice to defraud;

    (b) by making an untrue statement of a material fact or by omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

    (c) by engaging in an act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

40. Defendants committed such acts when they represented that Plaintiff would be paid a minimum return on his investment on a monthly basis when such representation was known or should have been known to be untrue.

41. As a direct and proximate result of Defendants' offer, sale, and/or purchase of the security, Plaintiff suffered injuries, damages, and losses in amounts to be proven at trial.

WHEREFORE, Plaintiff George Magnani requests this Court enter judgment against Defendants Universal Consulting Resources, LLC and Richard D. Dalton for the following:

(a) actual damages;
(b) treble damages as permitted by law;
(c) pre-judgment interest;
(d) attorney fees as permitted by law or contract, including but not limited to C.R.S. § 11-51-604;

(e) costs; and

(f) such other relief as the Court deems just and proper.

Respectfully submitted this 19th day of October, 2010.

                                        OGBORN, SUMMERLIN & OGBORN, LLC

                                        */s/ Murray Ogborn*

                                        Murray Ogborn, Atty Reg. No. 14508
                                        1700 Broadway, Suite 1900
                                        Denver, Colorado 80290
                                        Phone:   (303) 861-7472
                                        Facsimile: (303) 831-0551
                                        *Attorneys for George Magnani*