IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02106-PAB-CBS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

927 COLE STREET, GOLDEN, COLORADO, and
2008 TOYOTA HIGHLANDER, VIN # JTEES42A182076495,

        Defendants.
_____

### REPLY TO CLAIMANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
_____

The United States of America, by and through Attorney General of the United States Eric Holder, Barry R. Grissom, United States Attorney for the District of Kansas, and through Special Attorney, Assistant United States Attorney Tonya S. Andrews, respectfully replies to Claimant's Response to Plaintiff's Motion for Summary Judgment. (Doc. 82).  In support thereof, the United States submits the following:

### REPLY CONCERNING UNDISPUTED FACTS

The government has no additional reply to the undisputed facts set forth in paragraphs one through thirty-four.   The government will respond to Claimant's Additional Listing of Undisputed Facts, by the following:

    1-5.    Admit.

    6.    Admit the amount was roughly $910,000.00.  However, the exact amount is set forth in paragraph 22 of the government's Motion for Summary Judgment, which claimant admits as accurate.

1

7-16.   Admit.

17.   Admit that the SEC action never mentioned any involvement of Marie Dalton in the scheme.  Deny the remaining as incomplete.  Marie Dalton is mentioned under Dalton's Misappropriation of Investor Funds in Section III of the SEC Complaint.  In Paragraph 34, the Complaint states that Marie Dalton acquired defendant Cole Street using fraudulent investor funds provided by her husband Richard Dalton.  (Doc. 82, Exhibit D, ¶ 34).

18-29. Admit.

## RESPONSE CONCERNING DISPUTED FACTS

30.   Admit.

31.   Admit that claimant did not have personal knowledge.  Deny that claimant Magnani did not possess knowledge as a matter of law as argued herein.

## REPY TO CLAIMANT MAGNANI'S ARGUMENT

The government and claimant Magnani both agree that defendant Cole Street is subject to forfeiture because it was purchased by the Daltons with illegally obtained investor funds.  (Docs. 78, 82, ¶¶ 1-24).  Therefore, the government respectfully requests that the Court enter summary judgment as to the forfeitability of defendant Cole Street.  Furthermore, the undisputed facts establish that claimant Magnani's innocent ownership claim fails as a matter of law.

I.   **The Interplay of State and Federal Law for Establishing Innocent Ownership**

The question of a claimant's ownership interest in the defendant property requires an analysis of both state and federal law.  State law is used to determine what property interest claimant has, and at what time that interest arose.  Federal law is then

used to determine if that state interest is "sufficient to defeat the Government's interest in the property under the federal forfeiture statute." *United States v. 392 Lexington Parkway South,* 386 F. Supp. 2d 1062, 1069 n. 10 (D. Minn. 2005) (citation omitted). Therefore, once a claimant shows a valid property interest under state law, the claimant must establish that the ownership interest meets the innocent ownership requirements set forth in 18 U.S.C. § 983(d) under federal law.[1]

Claimant argues that he is a bona fide purchaser because under Colorado law a judgment lien creditor has the same rights as a bona fide purchaser for value. However, claimant Magnani's interest, as determined by state law, must actually meet the definition of a bona fide purchaser for value under federal law.  18 U.S.C. § 983(d)(3)(A)(i)-(ii).  Claimant Magnani's judgment lien interest fails to meet the federal definition.

### A.  Claimant Magnani Did Not Exchange Value for a Property Interest in Defendant Cole Street

Claimant Magnani is not a bona fide purchaser for value of defendant Cole Street.  The bona fide purchaser prong of the innocent owner defense is derived directly from commercial law, and protects "the title of a purchaser who acquires property for valuable consideration and who, at the time of the purchase, is without notice that the seller lacks valid and transferable title in the property*." United States v. Real Property Located at 6124 Mary Lane Drive,* No. 3:03CV580, 2008 WL 3925074, at * 3 (W.D.N.C. Aug. 20, 2008) (citing *United States v. Lavin*, 942 F.2d 177, 186 (3d. Cir. 1991)).  The "claimant must be a purchaser, meaning the claimant gave something of value, and

---

[1] Claimant Magnani's sole challenge is that he meets the definition of a bona fide purchaser for value who was reasonably without cause to believe that defendant Cole Street was subject to forfeiture.  Therefore, the government will not discuss innocent ownership under 18 U.S.C. § 983(d)(2).

received property in return.  Creditors and victims are not 'purchasers' because they did not acquire an interest in the defendant property, they acquired only a contractual debt." *United States v. BCCI Holdings (Luxembourg), S.A.*, 69 F. Supp. 2d 36, 61 (D.D.C. 1999).  The court further explained that "a creditor who attempts to satisfy the debt by obtaining a judgment lien . . .  is not a bona fide purchaser of that property because he has given nothing of value in exchange for the property interest. This is so irrespective of how the antecedent debt came into existence."  *Id.* at 62.

Despite claimant Magnani's assertion he is a "purchaser" because he invested an interest in the fraud scheme, he did not purchase an interest in defendant property. (Doc. 82, p. 12).  His investment with UCR and Richard Dalton on November 12, 2009, for the sole purpose of investing in the buying and selling of precious gems did not convey a legal interest in defendant Cole Street.  (Doc. 82, Exhibit A, ¶ 2).   In fact, when he invested defendant Cole Street had been purchased in its entirety with previous investors' funds on July 2, 2009.  (Doc. 82, p. 5, ¶ 12; Exhibit A ¶¶ 7-10).

Indeed, claimant Magnani's interest in defendant Cole Street is based solely on an *in personam* judgment, not a purchase.  On December 12, 2011, over two years after he invested with UCR, he filed his default judgment in his lawsuit against Marie Dalton in Jefferson County as a judgment lien creditor.  *Id.* at ¶ 10.  Although claimant Magnani has a properly filed judgment lien, he nevertheless does not meet the definition of "purchaser" to qualify as a bona fide purchaser under the federal statute, 18 U.S.C. § 983(d)(3)(A)(i).

**B.    Claimant Magnani Had Knowledge that Defendant Cole Street was Subject to Forfeiture**

In addition, claimant Magnani cannot claim ignorance under the knowledge prong of Section 983(d)(3)(A)(ii) either.  The knowledge prong of the innocent owner statute states that a claimant must prove he "did not know and was reasonably without cause to believe that the property was subject to forfeiture."  18 U.S.C. § 983(d)(3)(A)(ii).

As an initial matter, claimant's argument in pages thirteen through sixteen that he lacked knowledge from the time of his investment through his lawsuit against Marie Dalton is irrelevant.  The proper time for determining claimant's knowledge is on the date the claimant's property interest was created, which is December 12, 2011, the date claimant recorded his judgment in Jefferson County.  18 U.S.C. § 983(3)(A); *see United States v. 198 Training Field Road*, No. Civ. A 02-11498, 2004 WL 1305875, at * 3 (D. Mass. June 14, 2004).

Then the "proper test to be applied under the statute is not merely whether the petitioner had knowledge of the forfeitability of the asset but whether the petitioner reasonably held the belief that the property was not subject to forfeiture."  *Real Property Located at 6124 Mary Lane Drive*, 2008 WL 3925074, at * 4 (quotations omitted); (citing *United States v. Reckmeyer*, 836 F.2d 200, 204 (4th Cir. 1987)).[2]  This standard is, therefore, mostly an objective one.  *Id.*  Clearly, a "genuinely-held belief that property is not subject to forfeiture is unavailing unless that belief was objectively reasonable in the circumstances."  *Id.*  Claimant Magnani's belief was not objectively reasonable for the following two reasons:  (1) claimant Magnani was aware of the underlying criminal acts

---

[2] Historically, the innocent owner defense only existed in the criminal forfeiture statute until the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), which codified the affirmative defense in 18 U.S.C. § 983.  The language in both the criminal and civil provisions is now almost identical, and the interpretation set forth in criminal cases has been applied in civil forfeiture actions.  *Real Property Located at 6124 Mary Lane Drive*, 2008 WL 3925074, at * 3; *see* 21 U.S.C. § 883(n)(6)(b); 18 U.S.C. § 983(d)(3).

and the purchase of defendant Cole Street with fraudulent investor funds prior to his property interest; and (2) by operation of law under the recording statutes, claimant Magnani had constructive notice of the government's action.

### 1. Claimant Magnani Had Knowledge that Defendant Cole Street was Purchased With Fraudulent Funds

First, despite claimant's argument, the knowledge prong does not mean the claimant has to know about a specific forfeiture action or specific forfeiture laws; "it requires that the innocent owner be ignorant of *the fact that the property was involved in or traceable to a criminal violation.*"  *United States v. An Interest in Real Property Located at 2101 Lincoln Blvd.*, 729 F. Supp. 2d 1150, 1154 (C.D. Cal. 2010) (emphasis in original).

Claimant Magnani was not ignorant of the fact that defendant Cole Street was purchased with proceeds of fraud.  Prior to recording his judgment lien, claimant admits he filed a lawsuit against Marie Dalton based on the information obtained in the SEC action.  (Doc. 82, Exhibit A, ¶¶ 8-9).  The SEC Complaint specifically states that Richard Dalton and UCR were running a Ponzi scheme and the money obtained from the fraud was used to purchase defendant Cole Street, titled in Marie Dalton's name.  (Doc. 82, Exhibit D, ¶¶ 1, 34).  Moreover, by his own admission, claimant Magnani was not only aware of the criminal activity, but also the direct connection between the criminal acts and the defendant property prior to his judgment lien.  (Doc. 82, Exhibit A ¶¶ 8-10).  These facts are precisely what causes defendant Cole Street to be subject to forfeiture, and prevents claimant Magnani from arguing ignorance.[3]

---

[3] Claimant Magnani states that he did not actually receive the Verified Complaint until March 27, 2012. (Doc. 82, p. 7 ¶ 25).  Although accurate, it would have been impossible for the government to send notice to a party prior to the party having any interest in the

**2.      Claimant Magnani Had Constructive Notice of the Civil Forfeiture Action Prior to His Property Interest**

Second, the multiple notices of lis pendens filed in the chain of title in Jefferson County, also prevent claimant from asserting that he lacked knowledge.  A claimant may not avoid summary judgment when the lack of knowledge is "inconsistent with the uncontested facts."  *United States v. 16328 South 43rd East Ave*, 275 F.3d 1281, 1285 (10th Cir. 2002) (citation and quotations omitted).   Although claimant cites *United States v. 2003 Lamborghini Murcielago*, 6:07-cv-726, 2007 WL 4287674, at *6 (M.D. Fla. Dec. 6, 2007), as support for his claim that there is no need to investigate whether the property was subject to forfeiture, the case is inapposite because by operation of law, claimant Magnani was imputed with constructive knowledge.

Indeed, by the time claimant had filed his judgment lien, it is undisputed that the government had recorded two notices of lis pendens on August 18, 2011 and December 1, 2011, respectively. (Docs. 78, 82 ¶¶ 27,29).   These notices gave claimant constructive knowledge of the forfeiture, irrelevant of whether or not he chose to do a property title search.  *See* Colo. Rev. Stat. Ann.  § 38-35-110(1) (a lis pendens serves as notice); Colo. Rev. Stat. Ann.  § 38-35-106(1) ("[a]ny written instrument . . . affecting title to real property . . . after being recorded . . . shall be notice to all person of classes of persons claiming any interest in said property").

Clearly, "[l]is pendens filings are designed to provide notice to third parties that there is a suit involving the property subject to the lis pendens."  *Hewitt v. Rice*, 154

---

defendant property.  Here, the government ran a title search to determine who had a property interest in defendant Cole Street when it filed its Verified Complaint in August 2011, and sent notice to all known interested parties.  Claimant Magnani did not appear in the chain of title when this case was initiated, because he did not file his judgment lien until four months later.

7

P.3d 408, 412 (Colo. 2007).  Otherwise, the "property which was the subject of litigation could be alienated, the court's exercise of jurisdiction would be frustrated and litigants would be forced into an unending series of lawsuits against persons acquiring the property during litigation." *Belleville State Bank v. Steele*, 345 N.W. 2d 405, 409 (Wis. 1984) (cited to in *Kerns v. Kerns*, 53 P.3d 1157, 1162 (Colo. 2002)).  In fact, the Colorado statute mandates filing a notice of lis pendens if a party wants to preserve their interest against those that encumber the property while the action is pending. *Kerns*, 53 P.3d at 1161.   Claimant Magnani's argument that by merely not checking the chain of title, a junior lienholder could take priority over a senior interest, is nonsensical. Such a result would subvert the whole purpose of the recording act and cause endless litigation.

Moreover, the courts consistently hold that a notice of lis pendens puts all future acquirers of property interests on notice that the property is subject to forfeiture under Section 983(d)(3)(A)(ii).  *See e.g. 392 Lexington Parkway South*, 386 F. Supp. 2d at 1071 (a properly filed lis pendens gives constructive notice); *accord United States v. One Residential Property Located at 8110 E. Mohave Road*, 229 F. Supp. 2d 1046, 1049 (S.D. Cal. 2002).

### C.   Claimant Magnani's Property Interest is Subordinate to the Government's

The claimant's argument is also attempting to use the forfeiture statute to avoid his status as a junior interest.  In addition to providing constructive notice to subsequent parties claiming property interests, the recording act also provides the framework for determining the priority of those property rights.  *Rancho Escondido Prop. Owners*

*Ass'n v. Redstone Mgmt. Co.,* 169 P.3d 270, 272 (Colo. App. 2007) (the "race-notice

statute . . . accords priority to encumbrances in the order in which they were recorded).

The government's notices of lis pendens places them in a senior priority over

claimant Magnani's junior interest.   It is undisputed that defendant Cole Street is

forfeitable because it was purchased with fraud proceeds; thus, the government's

property interest vested on July 2, 2009, the date defendant Cole Street was purchased.

18 U.S.C. 981(f); (Docs. 78, 82, ¶¶ 1-24).  Further, the claimant is not an innocent

owner under 18 U.S.C. 983(3)(A), as discussed *infra*.  Therefore, according to the

recording statutes, the government's interest remains superior to claimant even though

a forfeiture judgment has not been entered yet.  *See Kerns v. Kerns*, 53 P.3d at 1161 (if

a lis pendens is recorded first, all other encumbrances are bound by the outcome of the

litigation). Therefore, because the defendant property is subject to forfeiture and

claimant is not an innocent owner, claimant's judgment lien interest remains subordinate

to the government's interest under the recording statutes.

### D.    Equity in Victim Cases

Lastly, claimant Magnani's suggestion that he took affirmative steps and

therefore, should be recognized as an innocent owner for equitable reasons, is at odds

with the statutory purpose of forfeiture.  If individual victims were able to take priority

over the government, the government would not forfeit property and the process for

returning forfeited funds to all victims of crime would be wholly futile**.**  *See* 18 U.S.C. §

981(e)(6) (the Attorney General is authorized to retain forfeited property for the purpose

of returning it to victims).  Furthermore, the government is not attempting by this

forfeiture action to extinguish claimant's right to collect on his judgments in any other

matter permitted by law.[4]  The government is merely using the forfeiture process to obtain property purchased with fraudulently obtained proceeds and distribute them back to all of the victims of the Daltons' fraud on a pro rata basis, as specifically recognized in the forfeiture statutes.

## CONCLUSION

WHEREFORE, for all the reasons stated above, the government respectfully requests that the Court grant the government's Motion for Summary Judgment, deny claimant Magnani's affirmative innocent ownership defense, and forfeit defendant Cole Street to the United States.

DATED this 2nd day of December, 2013.

Respectfully submitted,

ERIC H. HOLDER, JR.
ATTORNEY GENERAL OF THE UNITED STATES
&
BARRY R. GRISSOM, # 10866
UNITED STATES ATTORNEY
DISTRICT OF KANSAS
barry.grissom@usdoj.gov

By:

s/ Tonya S. Andrews
tonya.andrews@usdoj.gov
Special Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0210

---

[4] The government is unclear what the exact amount that claimant Magnani is claiming in this case. His judgment lien is recorded as $910,365.44, plus attorneys' fees, costs, and post-judgment interest.  (Doc. 82, p. 7 ¶ 23); *see also* (Doc. 47).  However, he now argues that he is only seeking his investment amount.  (Doc. 82, p. 18).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of December, 2013, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record.

s/ Tonya S. Andrews
Special Attorney