IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02106-PAB-CBS

UNITED STATES OF AMERICA,

       Plaintiff,

v.

927 COLE STREET, GOLDEN, COLORADO,

       Defendant.

---

## ORDER

---

This matter is before the Court on the Motion for Summary Judgment [Docket No. 78] filed by plaintiff the United States of America (the "United States"). This is a forfeiture case wherein the United States seeks to forfeit a residence purchased with money obtained through fraud and used to conduct further fraudulent activity. The Court's jurisdiction is based on 28 U.S.C. § 1331.

## I. BACKGROUND

The following facts are undisputed unless otherwise indicated. In 2007, Richard and Marie Dalton began operating Universal Consulting Resources, LLC ("UCR"). Docket No. 78 at 2-3, ¶¶ 1-2; Docket No. 82 at 2, ¶¶ 1-2. UCR was used in a classic Ponzi scheme. Through UCR, the Daltons solicited investors for two programs: the "Trading Program," which purportedly traded in financial instruments, and the "Diamond Program," which purportedly traded in precious stones. Docket No. 78 at 3, ¶¶ 3-4; Docket No. 82 at 2, ¶¶ 3-4. The Daltons guaranteed investors returns of between 48%

and 120% annually.  Docket No. 78 at 3, 5, ¶¶ 6(a), 11; Docket No. 82 at 2, ¶¶ 6, 11.

The Daltons commingled investors' money in UCR's Bank of America account, from

which investors also received checks for their "profits."  In actuality, funds from new

investors were being used to pay existing investors.  Docket No. 78 at 4, 5, ¶¶ 9, 12;

Docket No. 82 at 2, ¶¶ 9, 12.

In July 2009, the Daltons purchased defendant Cole Street, which is residential

property located in Golden, Colorado, with $930,298.08 that they wired from accounts

containing UCR investors' money to their personal bank account.  Docket No. 78 at 6-7,

¶¶ 21-24; Docket No. 82 at 2-3, ¶¶ 21-24.  The title for defendant Cole Street is in the

name of Marie Dalton.  Docket No. 78 at 7, ¶ 25; Docket No. 82 at 3, ¶ 27.  The Daltons

subsequently lived in and operated UCR out of the defendant property.  Docket No. 78

at 3, ¶ 2; Docket No. 82 at 2, ¶ 2.

In October 2010, claimant George Magnani, who had invested $100,000.00 with

UCR, filed a complaint against Richard Dalton and UCR in the District Court for the

County of Jefferson, Colorado, alleging breach of contract, civil theft, breach of fiduciary

duty, and fraud.  Docket No. 82 at 5, ¶ 14; Docket No. 83 at 2.

On November 16, 2010, the Securities and Exchange Commission ("SEC") filed

a civil action against Richard Dalton and UCR in the United States District Court for the

District of Colorado.  Docket No. 78 at 5, ¶ 13; Docket No. 82 at 2, ¶ 13; *see* Case No.

10-cv-02794-REB-KLM.  The following day, the SEC recorded a Notice of Lis Pendens

in Jefferson County against defendant Cole Street.  Docket No. 78 at 5, ¶ 14; Docket

No. 82 at 2, ¶ 14.

After learning through the SEC complaint that investor funds had been used to purchase defendant Cole Street, Mr. Magnani filed an action on May 12, 2011 against Marie Dalton in the District Court for the County of Jefferson, alleging civil conspiracy, civil theft, conversion, unjust enrichment, and aiding and abetting a breach of fiduciary duty.  Docket No. 78-11.

On October 19, 2011, the Daltons were charged in a criminal case on a nineteen-count indictment with, *inter alia*, wire fraud, mail fraud, money laundering, and civil conspiracy.  *See* Case No. 11-cr-00430-CMA.

On August 11, 2011, the United States filed its Verified Complaint for Forfeiture in Rem [Docket No. 1] in this case seeking forfeiture of defendant Cole Street.[1]  On August 18, 2011, the United States recorded a Notice of Lis Pendens in Jefferson County against defendant Cole Street.  Docket No. 78-12.

On November 18, 2011, the court in Jefferson County entered a default judgment against Marie Dalton and in favor of Mr. Magnani in the amount of $910,356.44, plus post-judgment interest, attorney's fees, and costs.  Docket No. 78 at 8, ¶ 29; Docket No. 82 at 3, ¶ 29.  On December 1, 2011, the United States recorded a second Notice of Lis Pendens against defendant Cole Street.  Docket No. 78-14.  On December 12, 2011, Mr. Magnani recorded a Transcript of Judgment in Jefferson County, listing the judgment debtors as Marie Dalton and the Cole Street property.  Docket No. 78-15.

---

[1]The United States also sought forfeiture of an automobile, which it obtained through default judgment granted in February 2013.  *See* Docket Nos. 63 and 64.

On March 27, 2012, Mr. Magnani's counsel was first served with a copy of the United States' civil forfeiture complaint.  Docket No. 82 at 7, ¶ 25; Docket No. 82-7; Docket No. 83 at 2.  On April 12, 2012, Mr. Magnani filed a verified claim [Docket No. 47] in this case, asserting an interest in defendant Cole Street on the basis of a recorded judgment.  Docket No. 78 at 8, ¶ 32; Docket No. 82 at 3, ¶ 32.  No other parties have filed claims in this action.

In February 2012, the SEC obtained an award against the Daltons and UCR in the amount of $15,842,948.00.  Docket No. 82-8 at ¶ 5; Case No. 10-cv-02794-REB-KLM, Docket No. 99.  The court ordered that defendant Cole Street be sold in order to pay part of the judgment.  *Id*. at ¶ 7.

On February 21, 2013, Marie Dalton pled guilty to the charge of conspiracy to commit mail fraud, wire fraud, and money laundering in violation of 18 U.S.C. § 371.  Case No. 11-cr-00430-CMA, Docket No. 156.  On the same day, Richard Dalton pled guilty to the charge of money laundering in violation of 18 U.S.C. §§ 2 and 1957.  *Id*. at Docket No. 159.  On June 10, 2013, Marie Dalton was sentenced to a term of sixty months in prison and Richard Dalton was sentenced to a term of 120 months.  *Id*. at Docket Nos. 211, 212, 214, and 217.  The Daltons agreed to the forfeiture of defendant Cole Street in their plea agreements.  *Id*. at Docket No. 156 at 12, ¶ K(3); Docket No. 159 at 11, ¶ K(3).  On September 24, 2013, the Daltons were ordered to pay restitution to their victims in the amount of $4,504,161.00.  *Id*. at Docket No. 244.

Mr. Magnani contends that, before recording his judgment lien, he had no knowledge that defendant property was subject to forfeiture or that a civil forfeiture action had been filed against it.  Docket No. 82 at 8, ¶ 31.  The United States admits

that claimant did not have actual knowledge of these facts, but argues that he had constructive knowledge as a matter of law.  Docket No. 83 at 2, ¶ 31.

## II.  STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).  A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment.  *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

## III.  DISCUSSION

The United States argues that defendant Cole Street is subject to forfeiture under 18 U.S.C. § 981 because the Daltons purchased the property with money they fraudulently obtained from investors and then used the property to further their fraudulent activity.  Docket No. 78 at 11-12.

In a civil forfeiture action, the government bears the burden of proving its entitlement to forfeiture by a preponderance of the evidence.  18 U.S.C. § 983(c)(1).  Once the government has established, by a preponderance of the evidence, that the property is subject to forfeiture, the burden shifts to the claimant to establish a defense

5

to forfeiture.  Real property is subject to forfeiture if it is "involved in a transaction or attempted transaction in violation of [18 U.S.C. §§] 1956, 1957, or 1960."  18 U.S.C. § 981(a)(1)(A).  Section 1956, which prohibits money laundering, provides that "[a]ny person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."  18 U.S.C. § 1956(h).  Section 1957 prohibits "knowingly engag[ing] or attempt[ing] to engage in a monetary transaction in criminally derived property of a value greater than $10,000."  18 U.S.C. § 1957(a).

Richard Dalton pled guilty to money laundering in violation of § 1957.  Case No. 11-cr-00430-CMA, Docket No. 159 at 2.  Marie Dalton pled guilty to a conspiracy to launder money and to commit mail and wire fraud.  Docket No. 78-1 at 1-2.  Richard Dalton admitted that he and his wife purchased the defendant property with the proceeds of their fraudulent activity and operated UCR out of that address.  Case No. 11-cr-00430-CMA, Docket No. 159 at 4, 6; Docket No. 78-1 at 4, 7.  Mr. Magnani does not dispute that these facts satisfy the government's burden of proving, by a preponderance of the evidence, that defendant Cole Street is subject to forfeiture. *See* Docket No. 82 at 10.  However, Mr. Magnani claims that he is an innocent owner under 18 U.S.C. § 983(d) ("An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute.").

To avail himself of the innocent owner defense, Mr. Magnani must prove, by a preponderance of the evidence, that (1) he was a bona fide purchaser for value and (2) he "did not know and was reasonably without cause to believe that the property was

6

subject to forfeiture" at the time he acquired his interest in the property.  *Id*. at
§ 983(d)(3)(A).

The Court begins by considering the second element of this test.  Mr. Magnani
argues that he did not know and was reasonably without cause to believe that
defendant Cole Street was subject to forfeiture because, although he was aware of the
SEC action before he filed his state court case against Marie Dalton, the SEC action
sought only civil remedies and did not mention forfeiture.  Docket No. 82 at 14-15.  He
argues that "there was no other interest in or claim to the title" of defendant property at
the time.  *Id*. at 15.  He states that the "fact that a Notice of Lis Pendens was filed by
Plaintiff does not negate the fact that subjectively and objectively, claimant did not know
and was reasonably without cause to know the property was subject to forfeiture."  *Id*. at
15-16.

Claimant implies that the relevant inquiry under the second element of the
innocent owner test is his knowledge of the forfeitability of the property at the time he
filed his state court action against Marie Dalton.  *See, e.g.*, Docket No. 82 at 14 ("at the
time claimant instituted the state court action against Marie Dalton, he still did not know
and was reasonably without cause to know the property was subject to forfeiture") and
15 ("Claimant commenced the state court action against Marie Dalton in May of 2011
. . . .  At that time, there was no other claimed interest related or cloud on the title to the
defendant property; there only existed a Notice of Lis Pendens for the SEC action.")
(citation omitted).

Under the statute, however, it is claimant's knowledge at the time he acquired his
interest in the property that is determinative.  *See* 18 U.S.C. 983(d)(3)(A) ("With respect

to a property interest acquired after the conduct giving rise to the forfeiture has taken place, the term 'innocent owner' means a person who, *at the time that person acquired the interest in the property* . . . (ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture.") (emphasis added).  Claimant did not acquire his interest in the defendant property until he recorded his judgment against it.[2]  Claimant does not dispute that, at the time he recorded his judgment, plaintiff had already recorded two notices of lis pendens regarding the instant forfeiture action.  *See* Docket No. 82 at 6-7, ¶¶ 20, 23, 24.  Thus, the question is whether plaintiff's notices of lis pendens provided claimant notice of the forfeiture.

Claimant argues that the "fact that a Notice of Lis Pendens was filed by Plaintiff does not negate the fact that subjectively and objectively, claimant did not know and was reasonably without cause to know the property was subject to forfeiture."  Docket No. 82 at 15-16.

"[I]n federal forfeiture proceedings, ownership interests . . . are defined by state law."  *United States v. Andrews*, 530 F.3d 1232, 1238 (10th Cir. 2008).  Under Colorado law, a notice of lis pendens constitutes "notice to any person thereafter acquiring, by, through, or under any party named in such notice, an interest in the real property described in the notice in the county or counties where recorded that the interest so acquired may be affected by the action described in the notice."  Colo. Rev. Stat. § 38-35-110(1).  "Lis pendens filings are designed to provide notice to third parties that there

---

[2]Claimant admits that he had no interest in defendant property through his investment in UCR: "The home was substantially purchased with funds that were only connected to the 2007 Trading Program, not the 2009 Diamond Program in which Claimant eventually invested . . . ."  Docket No. 82 at 13.

is a suit involving the property subject to the lis pendens." *Hewitt v. Rice*, 154 P.3d 408, 412 (Colo. 2007). "[A]nyone acquiring an interest in the property during the pendency of the litigation will be bound by its outcome so long as a notice of lis pendens has been recorded in the office of the county clerk and recorder where the property is located in accordance with section 38-35-110." *Kerns v. Kerns*, 53 P.3d 1157, 1161 (Colo. 2002); *see also Wessler v. Colonial Nat'l Mortg.*, No. 11-cv-02683-RBJ-KMT, 2012 WL 5949730, at *8 (D. Colo. Aug. 21, 2012) (purchaser of property had actual and constructive notice of pending quiet title action where plaintiff in that action recorded a notice of lis pendens). "The underlying policy behind a notice of *lis pendens* is to prevent a suit involving rights in real property from being thwarted by transfers of interests in real property to persons not bound by the outcome of the suit." *Alien, Inc. v. Futterman*, 924 P.2d 1063, 1070 (Colo. App. 1995). A notice of lis pendens must contain "the name of the court where such action is pending, the names of the parties to such action at the time of such recording, and a legal description of the real property." Colo. Rev. Stat. § 38-35-110(1).

The notice plaintiff filed on August 18, 2011 states, in pertinent part:

NAME OF RECORD TITLE OWNER:  Marie Dalton
Notice is hereby given of the pendency of a civil action brought by the plaintiff against the below described real property by a verified complaint of forfeiture filed with the Clerk of the United States District Court for the District of Colorado, which action was brought for the forfeiture of the defendant real property pursuant to 18 U.S.C. § 981.
The property which is the subject of this action is located at 927 Cole Street, Golden, Colorado . . . .
For further information concerning the action for forfeiture, reference may be made to the records of the Clerk of the Court for the United States District Court, District of Colorado, 901 19th Street, Denver, Colorado, 80294.

Docket No. 78-12 at 1-2.  The December 5, 2011 notice contains the same language.

Docket No. 78-14 at 1-2.

The notices of lis pendens that plaintiff filed satisfy the requirements of Colo.

Rev. Stat. 38-35-110(1).  Claimant derives his interest in the property from Marie

Dalton, one of the parties listed in the notice.  *See id*.  Claimant acquired his interest in

the property on December 12, 2011, after the notices of lis pendens were filed.  Docket

No. 78 at 8, ¶ 31; Docket No. 82 at 3, ¶ 31.  Accordingly, under Colorado law, plaintiff

had constructive notice that his interest in the defendant property "may be affected by

the action described in the notice[s]."  Colo. Rev. Stat. § 38-35-110(1).  Claimant

confirms this conclusion by arguing in his response brief that the "intended purpose for

filing a notice of lis pendens is to *provide notice* to anyone who may acquire an interest

in the property during the pendency of the litigation so that he or she will be bound by

its outcome."  Docket No. 82 at 17 (citing *James H. Moore & Assocs. Realty, Inc. v.

Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994) (emphasis added in claimant's

brief)).  As claimant has failed to raise a genuine dispute of material fact regarding his

entitlement to the innocent owner defense, plaintiff is entitled to summary judgment.

## IV.  CONCLUSION

In light of the Court's finding that claimant does not meet the definition of an

innocent owner under 18 U.S.C. § 983(d)(3), the Court need not consider his remaining

arguments.  *See* Docket No. 82 at 17-19.  For the foregoing reasons, it is

**ORDERED** that the Motion for Summary Judgment [Docket No. 78] filed by

plaintiff the United States of America is GRANTED.  All right, title, and interest in

defendant property 927 Cole Street, Golden, Colorado is forfeited to plaintiff the United

States of America.  It is further

**ORDERED** that this case is CLOSED.


DATED September 10, 2014.

BY THE COURT:


  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge